# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| FRESH & EASY, LLC, | Case No. 15-12220 (BLS) |
| Debtor.[1] | **Related to Docket No. 66** |

**DEBTOR'S MOTION FOR AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING AN EXPEDITED HEARING ON THE DEBTOR'S MOTION FOR AN ORDER (A) AUTHORIZING THE DEBTOR (I) TO ASSUME THE PURCHASE AND SALE AGREEMENT WITH RESPECT TO CERTAIN LEASES AND RELATED PROPERTY, (II) TO ASSUME AND ASSIGN THE REMAINING LEASES, AND (III) TO SELL OR TRANSFER PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (B) GRANTING RELATED RELIEF**

Fresh & Easy, LLC, the debtor and debtor in possession in this case (the "**Debtor**"), hereby files this motion (the "Motion to Shorten"), which is being filed with the *Debtor's Motion for an Order (A) Authorizing the Debtor (I) to Assume the Purchase and Sale Agreement with Respect to Certain Leases and Related Property, (II) to Assume and Assign the Remaining Leases, and (III) To Sell or Transfer Property Free and Clear of Liens, Claims, and Encumbrances, and (B) Granting Related Relief* [Docket No. 66] (the "Motion"),[2] for an order shortening the time for notice of and scheduling an expedited hearing on the Motion, so that the Court will hear the Motion at the hearing (the "Proposed Hearing") at 1:00 p.m. (EST) on November 24, 2015 and require that objections to the Motion be filed by 4:00 p.m. (EST) on November 17, 2015 (the "Proposed Objection Deadline"). In support of the Motion, the Debtor respectfully represents that:

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 8906, and the Debtor's mailing address is 20101 Hamilton Avenue, Suite 350, Torrance, California 90502.

[2] If a capitalized term is not defined in this Motion to Shorten, then the term has the meaning that the Debtor gave to the term in the Motion.

1.        Bankruptcy Rule 2002(a)(2) provides:

> Except as provided in subdivisions (h), (i), (*l*), (p), and (q) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, [and] all creditors and indenture trustees at least 21 days' notice by mail of: . . . a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, **unless the court for cause shown shortens the time** or directs another method of giving notice . . . .

FED. R. BANKR. P. 2002(a)(2) (emphasis added).

2.        Bankruptcy Rule 9006(c)(1) provides:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, **the court for cause shown may in its discretion with or without motion or notice order the period reduced**.

FED. R. BANKR. P. 9006(c)(1) (emphasis added); <u>accord</u> Del. Bankr. L.R. 9006-1(e).

3.        There is "cause" here for the Court to shorten the time for notice of the Motion.

4.        By the Motion, the Debtor is asking the Court to enter an order approving the Debtor's assumption of the Purchase and Sale Agreement by and between the Debtor and CVS Pharmacy, Inc. ("<u>CVS</u>"), dated September 10, 2015 (the "<u>PSA</u>"), so that the Debtor may assume and assign the Remaining Leases that the Debtor agreed to assign to CVS under the PSA, and granting related relief that is detailed in the Motion. As explained in the Motion, before the Petition Date, the Debtor transferred certain leases under the PSA, but the Debtor could not transfer the Remaining Leases and now asks the Court to authorize the Debtor to do so.

5.        Today, the Debtor will serve the Motion on all required notice parties by either hand delivery or Federal Express. Under Local Rule 9006-1(c)(i), the Motion would be filed timely to the extent that the Motion is a motion under Section 365 of the Bankruptcy Code. But out of an abundance of caution given the relief sought by the Debtor, the Debtor files

this Motion to Shorten asking the Court to shorten the time for notice under Rule 2002(a)(2) by merely two days. After accounting for the effect of overnight and hand delivery rather than the first class mail contemplated by Bankruptcy Rule 2002(a)(2), the Debtor submits there is no practical difference in the time that parties will have to respond to the Motion.

6. By contrast, the failure to consider the Motion at the Proposed Hearing will delay the Court's approval of the transfer of the Remaining Leases and deprive the Debtor of funds that could otherwise be used in the meantime to administer this case. Perhaps more importantly, that failure would also prevent the Debtor from assigning the Remaining Leases to CVS before December 1, 2015, thus forcing the Debtor to pay rent for December on the Remaining Leases.

7. Accordingly, based on the foregoing, the Debtor asks that the Court to

    (a)    shorten the time for notice of the Motion, so that the Court will hear the Motion at the Proposed Hearing, and

    (b)    require that any response or objection to the Motion be filed by the Proposed Objection Deadline.

54567/0001-12460869v1

WHEREFORE, the Debtors respectfully request the Court to enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and any further relief that the Court deems just and proper.

Dated: November 5, 2015
       Wilmington, Delaware

**COLE SCHOTZ P.C.**

By: */s/ David W. Giattino*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
David W. Giattino (No. 5614)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Proposed Counsel for the Debtors and Debtors in Possession*