## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FRESH & EASY, LLC,[1] | : | |
| | : | Case No. 15-12220 (BLS) |
| Debtor. | : | **Related to Docket No. 585** |
| DIANA CHAN, Individually and on Behalf of All Others Similarly Situated, | : | |
| | : | Adv. Proc. No. 15-51897 (BLS) |
| Plaintiff, | : | |
| v. | : | **Related to Adv. Docket No. 35** |
| | : | |
| FRESH & EASY, LLC, THE YUCAIPA COMPANIES LLC, and YFE HOLDINGS, INC., | : | |
| Defendants. | : | |
| GUADALUPE COTE, on Behalf of Herself and All Others Similarly Situated, | : | |
| | : | Adv. Proc. No. 15-51906 (BLS) |
| Plaintiff, | : | |
| v. | : | **Related to Adv. Docket No. 33** |
| | : | |
| FRESH & EASY, LLC, YFE HOLDINGS, INC., and THE YUCAIPA COMPANIES, LLC, | : | |
| Defendants. | : | |

## NOTICE OF AMENDED[2] AGENDA OF MATTERS SCHEDULED FOR HEARING ON FEBRUARY 18, 2016 AT 11:00 A.M. (ET) [3]
## BEFORE THE HONORABLE BRENDAN LINEHAN SHANNON

Any person who wishes to appear telephonically at the hearing must contact COURTCALL, LLC at 866-582-6878 to register his/her telephonic appearance in accordance with the Instructions for Telephonic Appearances Effective January 5, 2005, Revised April 27, 2009.

---

[1]      The last four digits of the Debtor's federal taxpayer identification number are 8906.  The Debtor's mailing address is 20101 Hamilton Avenue, Suite 350, Torrance, CA 90502.

[2]      **Amended items appear in bold.**

[3]      **Pursuant to the Court's directive, the time of the hearing has been changed from 10:30 a.m. to 11:00 a.m. (ET)**

**ADJOURNED/CONTINUED MATTERS**

1.      Motion of the Debtor for Interim and Final Orders (I) Authorizing Debtor in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. § 364; (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Credit Parties and Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (Filed November 3, 2015) (Docket No. 18)

   Objection Deadline:  November 30, 2015 at 4:00 p.m.
                        On consent of the parties, the Objection Deadline is extended until March 10, 2016 at 4:00 p.m. for the Official Committee of Unsecured Creditors.

   Related Documents:

      (a)      Interim Order (I) Authorizing Debtor in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. § 364; (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Credit Parties and Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (Entered November 6, 2015) (Docket No. 74)

      (b)      Notice of Entry of Interim Order and Final Hearing With Respect to Motion of the Debtor for Interim and Final Orders (I) Authorizing Debtor in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. § 364; (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition Credit Parties and Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 (Filed November 6, 2015) (Docket No. 82)

   Responses Received:

      (a)      Informal comments from the United States Trustee

      (b)      Omnibus Objection of Certain PACA Trust Creditors to: (A) Motion of the Debtor for Interim and Final Orders (I) Authorizing Debtor in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, (II) Granting Liens and Superpriority Claims to Post-Petition Lenders Pursuant to 11 U.S.C. § 364; (III) Authorizing the Use of Cash Collateral and Providing Adequate Protection to Prepetition

2

Credit Parties and Modifying Automatic Stay Pursuant to 11 U.S.C. §§ 361, 362, 363, and 364; and (IV) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(b) and (c) and Local Rule 4001-2 and (B) Debtors' Motion for Entry of an Order (1) Pursuant to Sections 105(a), 363(b), 503(b), 1107(a) and 1108 of the Bankruptcy Code, Establishing Exclusive Procedures for the Assertion, Resolution and Satisfaction of Prepetition Claims Arising Under the Perishable Agricultural Commodities Act and the Packers and Stockyards Act of 1921, and (2) Pursuant to Sections 105(a) and 503(b)(9) of the Bankruptcy Code, Establishing Exclusive Procedures for the Assertion, Resolution Allowance and Satisfaction of Claims Arising Under Section 503(b)(9) of the Bankruptcy Code (Filed November 30, 2015) (Docket No. 248)

  (c)  Joinder of AMC Direct PACA Trust Creditor Group to Omnibus Objection of Certain PACA Trust Creditors to: the Debtor's (A) Motion for Interim and Final Orders Authorizing Debtor in Possession to Obtain Post-Petition Financing and (B) Motion to Establish Procedures Governing Prepetition Claims Arising Under the Perishable Agricultural Commodities Act and the Packers and Stockyards Act (Filed November 30, 2015) (Docket No. 251)

Status:  On consent of the parties, the hearing on this matter is continued to the hearing scheduled for March 17, 2016.

2. Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 13, 2015) (Docket No. 124)

Objection Deadline:  November 30, 2015 at 4:00 p.m.

Deadline to Object to Proposed Cure Amounts:  December 3, 2015 at 4:00 p.m. (informally extended for a number of parties until 12:00 p.m. on December 4, 2015)

Deadline to Object to Adequate Assurance:  December 4, 2015 at 12:00 p.m.

Related Documents:

  (a)  Notice of Filing of Exhibit G to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of

Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 16, 2015) (Docket No. 138)

(b)     Notice of Revised Proposed Auction Date and Auction Venue (Filed November 19, 2015) (Docket No. 177)

(c)     Notice Regarding Revised Proposed Bid Procedures in Connection with Disposition of Debtor's Leases (Filed November 20, 2015) (Docket No. 185)

(d)     Notice Regarding Potential Transfer of Certain Liquor Licenses in Connection With Disposition of Debtor's Leases (Filed November 20, 2015) (Docket No. 199)

(e)     Debtor's Motion for Leave to File a Reply to Objection of the Acting United States Trustee to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 23, 2015) (Docket No. 211)

(f)     Notice of Filing of Revised Proposed Bid Procedures Order and Summary Objection Chart (Filed November 24, 2015) (Docket No. 227)

(g)     Order Granting Debtor's Motion for Leave to File a Reply to Objection of the Acting United States Trustee to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Entered November 24, 2015) (Docket No. 228)

(h)     Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of

Nonresidential Real Property; and (C) Granting Related Relief (Entered November 24, 2015) (Docket No. 230)

(i)     Notice of Filing of Schedule of Cure Amount for Unexpired Leases, Relating to Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief (Filed November 24, 2015) (Docket No. 232)

(j)     Notice of Rejection of Unexpired Leases (Filed November 27, 2015) (Docket No. 241)

(k)     Notice of Auction and Leases Subject to Auction (Filed November 27, 2015) (Docket No. 242)

(l)     Second Notice of Rejection of Unexpired Leases (Filed November 27, 2015) (Docket No. 243)

(m)    Third Notice of Rejection of Unexpired Leases (Filed November 27, 2015) (Docket No. 244)

(n)     Notice of Bids Accepted in Connection With Disposition of Debtor's Leases (Filed December 2, 2015) (Docket No. 278)

(o)     Order (A) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief (Entered December 7, 2015) (Docket No. 323)

Responses Received:

(a)     Objection of the Acting United States Trustee to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 20, 2015) (Docket No. 183)

54567/0001-12680573v2

(b)     Limited Objection of Camden Holdings LLC to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 20, 2015) (Docket No. 194)

(c)     Amended Objection of Camden Holdings LLC to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 23, 2015) (Docket No. 201)

(d)     Limited Objection of Foursquare Properties, Inc., Golden Mile Investment Company, and the Peyser Family Revocable Trust of 1997 Camden Holdings LLC to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 23, 2015) (Docket No. 202)

(e)     Objection of Federal Realty Investment Trust, SVF at First San Jose, LLC, Industry East Land Retail II, LLC, PetSmart, Inc., and Rite Aid Corporation to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 23, 2015) (Docket No. 204)

(f)     Limited Objection of Garfield Beach CVS, L.L.C. to the Sale Procedures
        Proposed by Debtors (Filed November 23, 2015) (Docket No. 205)

(g)     Limited Objection of Brixton-Calimesa, LLC, La Jolla Management,
        Monterey Property Associates Anaheim, LLC, Newmark Merrill
        Companies, and Tuscany Square Partners, LLC to Debtor's Motion for
        Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain
        Unexpired Leases of Nonresidential Real Property, (2) Authorizing and
        Scheduling Auction with Respect Thereto, (3) Approving Cure
        Procedures, and (4) Scheduling Hearing with Respect to the Outcome of
        the Auction; (B) Establishing Procedures for the Rejection of Certain
        Unexpired Leases of Nonresidential Real Property; and (C) Granting
        Related Relief; and (II) Order (A) Approving Assumption and Assignment
        of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule
        6006(d) (Filed November 23, 2015) (Docket No. 206)

(h)     Objection of EM-50 UAV SLBCO LLC to Debtor's Motion for Entry of
        (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired
        Leases of Nonresidential Real Property, (2) Authorizing and Scheduling
        Auction with Respect Thereto, (3) Approving Cure Procedures, and (4)
        Scheduling Hearing with Respect to the Outcome of the Auction; (B)
        Establishing Procedures for the Rejection of Certain Unexpired Leases of
        Nonresidential Real Property; and (C) Granting Related Relief; and (II)
        Order (A) Approving Assumption and Assignment of Leases and (B)
        Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed
        November 23, 2015) (Docket No. 207)

(i)     Joinder of YOG, LLC to Limited Objection of Brixton-Calimesa, LLC, et
        al. to Debtors Motion for Entry of (1) Order (a)(1) Establishing Bidding
        Procedures for Certain Unexpired Leases of Nonresidential Real Property,
        (2) Authorizing and Scheduling Auction With Respect Thereto, (3)
        Approving Cure Procedures, and (4) Scheduling Hearing with Respect to
        the Outcome of the Auction; (B) Establishing Procedures For the
        Rejection of Certain Unexpired Leases of Nonresidential Real Property;
        and (C) Granting Related Relief; and (II) Order (A) Approving
        Assumption and Assignment of Leases and (B) Waiving Stay Provisions
        Pursuant to Bankruptcy Rule 6006(d)  (Filed November 23, 2015) (Docket
        No. 208)

(j)     Joinder of ZZ River Park LLC to the Limited Objection of Foursquare
        Properties, Inc., Golden Mile Investment Company, and the Peyser Family
        Revocable Trust of 1997 Camden Holdings LLC to Debtor's Motion for
        Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain
        Unexpired Leases of Nonresidential Real Property, (2) Authorizing and
        Scheduling Auction with Respect Thereto, (3) Approving Cure
        Procedures, and (4) Scheduling Hearing with Respect to the Outcome of
        the Auction; (B) Establishing Procedures for the Rejection of Certain
        Unexpired Leases of Nonresidential Real Property; and (C) Granting

Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 23, 2015) (Docket No. 210)

(k)     Joinder of McConica 2260, LLC to Landlords' Limited Objections to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 23, 2015) (Docket No. 219)

(l)     Joinder of Enduro, LLC to the Limited Objection of Foursquare Properties, Inc., Golden Mile Investment Company, and the Peyser Family Revocable Trust of 1997 Camden Holdings LLC to Debtor's Motion for Entry of (I) Order (A) (1) Establishing Bidding Procedures for Certain Unexpired Leases of Nonresidential Real Property, (2) Authorizing and Scheduling Auction with Respect Thereto, (3) Approving Cure Procedures, and (4) Scheduling Hearing with Respect to the Outcome of the Auction; (B) Establishing Procedures for the Rejection of Certain Unexpired Leases of Nonresidential Real Property; and (C) Granting Related Relief; and (II) Order (A) Approving Assumption and Assignment of Leases and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 24, 2015) (Docket No. 222)

(m)     Limited Objection of La Jolla Management Company and Newmark Merrill Companies to the Debtor's Proposed Assumption, Assignment, and Cure Amounts With Respect to Unexpired Leases of the Debtor (Filed December 4, 2015) (Docket No. 306)

Status:     The Court previously entered various orders approving the relief requested with respect to certain assignments and lease termination agreements.  The hearing with respect to the unresolved cure dispute is continued to the hearing scheduled for March 17, 2016.

3.     Debtor's Motion for Entry of: (I) Order (A) Establishing Bidding Procedures in Connection with an Auction of a Nonresidential Real Property Lease; (B) Authorizing and Scheduling an Auction with Respect Thereto; (C) Approving Cure Procedures; and (D) Scheduling a Hearing With Respect to the Outcome of the Auction; and (II) Order (A) Approving Assumption and Assignment of the Lease; and (B) Waiving Stay Provisions Pursuant to Bankruptcy Rule 6006(d) (Filed November 16, 2015) (Docket No. 134)

Objection Deadline:  November 30, 2015 at 4:00 p.m.
The Objection Deadline was extended until December 4, 2015 at 12:00 p.m. for the landlord, Prologis.

Related Documents:

(a)     Order (A) Establishing Bidding Procedures in Connection with an Auction of a Nonresidential Real Property Lease; (B) Authorizing and Scheduling an Auction with Respect Thereto; (C) Approving Cure Procedures; (D) Scheduling a Hearing With Respect to the Outcome of the Auction; and (E) Granting Related Relief  (Entered December 7, 2015) (Docket No. 323)

Responses Received:

(a)     Informal comments from the Official Committee of Unsecured Creditors

(b)     Informal comments from Prologis

Status:     The Court previously entered an order approving bid procedures and scheduling a sale hearing in conjunction therewith.  The Debtor has filed a motion to reject the underlying lease, and submitted a certificate of no objection on February 12, 2016.  Accordingly, upon entry of an order approving the relief requested by Docket No. 532, this matter will be moot and removed from hearing agendas going forward.

4.     Motion of Certain PACA Creditors to Extend Challenge Period in Connection with Interim DIP Order and PACA Procedures Order (Filed January 30, 2016) (Docket No. 545)

Objection Deadline:  February 11, 2016 at 4:00 p.m.

Responses Received:  None

Related Documents:

(a)     Joinder of AMC Direct PACA Trust Creditor Group to Motion of Certain PACA Creditors to Extend Challenge Period in Connection with Interim DIP Order and PACA Procedures Order (Filed January 30, 2016) (Docket No. 546)

Status:     On consent of the parties, the hearing on this matter is adjourned to the hearing scheduled for March 17, 2016.

**UNCONTESTED MATTERS WITH CERTIFICATIONS OF NO
OBJECTION/CERTIFICATIONS OF COUNSEL**

5.  Debtor's Motion for an Order, Pursuant to Section 1121(d) of the Bankruptcy Code, Extending the Exclusive Periods Within Which the Debtor May File a Chapter 11 Plan and Solicit Acceptances Thereof (Filed January 28, 2016) (Docket No. 530)

   Objection Deadline:  February 11, 2016 at 4:00 p.m.

   Responses Received:  None

   Related Documents:

   (a)  Certification of Counsel Regarding Debtor's Motion for an Order, Pursuant to Section 1121(d) of the Bankruptcy Code, Extending the Exclusive Periods Within Which the Debtor May File a Chapter 11 Plan and Solicit Acceptances Thereof (Filed February 12, 2016) (Docket No. 584)

   **(b)  Order Extending the Exclusive Periods Within Which the Debtor May File a Chapter 11 Plan and Solicit Acceptances Thereof (Entered February 16, 2016) (Docket No. 588)**

   **Status:      The Court entered the Order approving the Motion. This matter will not be going forward.**

6.  Debtor's Motion for Entry of an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code, Authorizing the Debtor to (I) Reject a Certain Nonresidential Real Property Lease *Nunc Pro Tunc* to January 31, 2016 and (II) Abandon Any Property That Remains on the Premises Covered by Such Lease (Filed January 28, 2016) (Docket No. 532)

   Objection Deadline:  February 11, 2016 at 4:00 p.m.

   Responses Received:  None

   Related Documents:

   (a)  Certification of No Objection Regarding Debtor's Motion for Entry of an Order, Pursuant to Sections 105, 365 and 554 of the Bankruptcy Code, Authorizing the Debtor to (I) Reject a Certain Nonresidential Real Property Lease *Nunc Pro Tunc* to January 31, 2016 and (II) Abandon Any Property That Remains on the Premises Covered by Such Lease (Filed February 12, 2016) (Docket No. 583)

   **(b)  Order Authorizing the Debtor to (I) Reject a Certain Nonresidential Real Property Lease *Nunc Pro Tunc* to January 31, 2016, and (II) Abandon Any Property That Remains on the Premises Covered by Such Lease (Entered February 16, 2016) (Docket No. 532)**

**Status:**      **The Court entered the Order approving the Motion. This matter will not be going forward.**

7.      Debtor's Motion for an Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code, (I) Authorizing the Sale of the Acquired Assets; (II) Approving the Terms of the Purchase Agreement; and (III) Granting Related Relief (Filed January 28, 2016) (Docket No. 534)

Objection Deadline:  February 11, 2016 at 4:00 p.m.

Responses Received:

(a)      Informal comments from the United States Trustee

Related Documents:

(a)      Certification of Counsel Regarding Debtor's Motion for an Order, Pursuant to Sections 105 and 365 of the Bankruptcy Code, (I) Authorizing the Sale of the Acquired Assets; (II) Approving the Terms of the Purchase Agreement; and (III) Granting Related Relief (Filed February 12, 2016) (Docket No. 582)

(b)      **Order (I) Authorizing the Sale of the Acquired Assets; (II) Approving the Terms of the Purchase Agreement; and (III) Granting Related Relief (Entered February 16, 2016) (Docket No. 586)**

**Status:**      **The Court entered the Order approving the Motion. This matter will not be going forward.**

## CONTESTED MATTERS GOING FORWARD

8.      Motion of Darlene Lewis for Class Certification and Related Relief (Filed January 13, 2016) (Docket No. 466)

Objection Deadline:  February 11, 2016 at 4:00 p.m.

Responses Received:

(a)      Opposition of Fresh & Easy, LLC to Motions of Darlene Lewis (1) For Order Applying Fed. R. Bankr. P. 7023, Pursuant to Fed. R. Bankr. P. 9014; and (2) For Class Certification and Related Relief (Filed February 11, 2016) (Docket No. 575)

(b)      Declaration of David Van Pelt in Support of Opposition of Fresh & Easy, LLC to Motions of Darlene Lewis (1) For Order Applying Fed. R. Bankr. P. 7023, Pursuant to Fed. R. Bankr. P. 9014; and (2) For Class Certification and Related Relief (Filed February 11, 2016) (Docket No. 576)

(c)      Declaration of Andrew Taylor in Support of Opposition of Fresh & Easy,

11

LLC to Motions of Darlene Lewis (1) For Order Applying Fed. R. Bankr. P. 7023, Pursuant to Fed. R. Bankr. P. 9014; and (2) For Class Certification and Related Relief (Filed February 11, 2016) (Docket No. 577)

Status:    The hearing on this matter is going forward.

9.    Motion for Order Applying Fed. R. Bankr. P. 7023, Pursuant to Fed. R. Bankr. P. 9014(c), to Motion for Class Certification and Related Relief (Filed January 13, 2016) (Docket No. 467)

Objection Deadline:  February 11, 2016 at 4:00 p.m.

Responses Received:

(a)    Opposition of Fresh & Easy, LLC to Motions of Darlene Lewis (1) For Order Applying Fed. R. Bankr. P. 7023, Pursuant to Fed. R. Bankr. P. 9014; and (2) For Class Certification and Related Relief (Filed February 11, 2016) (Docket No. 575)

(b)    Declaration of David Van Pelt in Support of Opposition of Fresh & Easy, LLC to Motions of Darlene Lewis (1) For Order Applying Fed. R. Bankr. P. 7023, Pursuant to Fed. R. Bankr. P. 9014; and (2) For Class Certification and Related Relief (Filed February 11, 2016) (Docket No. 576)

(c)    Declaration of Andrew Taylor in Support of Opposition of Fresh & Easy, LLC to Motions of Darlene Lewis (1) For Order Applying Fed. R. Bankr. P. 7023, Pursuant to Fed. R. Bankr. P. 9014; and (2) For Class Certification and Related Relief (Filed February 11, 2016) (Docket No. 577)

Status:    The hearing on this matter is going forward.

10.    Debtor's Motion for Order, Under Section 365(d)(4) of the Bankruptcy Code and Bankruptcy Rule 9006, Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (Filed January 28, 2016) (Docket No. 531)

Objection Deadline:  February 11, 2016 at 4:00 p.m.

Responses Received:

(a)    Objection of Catalina-Talbot Properties, LLC to Debtor's Motion for Order, Under Section 365(d)(4) of the Bankruptcy Code and Bankruptcy Rule 9006, Extending Time Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (Filed February 11, 2016) (Docket No. 580)

**(b)    Certification of Counsel Regarding Order, Under Section 365(d)(4) of the Bankruptcy Code and Bankruptcy Rule 9006, Extending Time**

**Within Which Debtors May Assume or Reject Unexpired Leases of Nonresidential Real Property (Filed February 17, 2016) (Docket No. 593)**

**Status:**    **A certification of counsel with a revised proposed order was filed with the Court.  This matter will not going forward unless the Court instructs otherwise.**

11.    Motion for Entry of an Order Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004 (Filed February 5, 2016) (Docket No. 568)

Objection Deadline: February 12, 2016 at 4:00 p.m.
                               On consent of the parties, the Objection Deadline is extended until February 16, 2016 at 4:00 p.m. for the Debtor.
Related Documents:

   (a)    Notice of Hearing on the Official Committee of Unsecured Creditors' Motion for Entry of an Order Requiring Certain Entities to Provide Information Pursuant to Bankruptcy Rule 2004 (Filed February 8, 2016) (Docket No. 569)

**Status:**    **The Committee intends to go forward with the motion. YFE has requested that the motion be adjourned. The parties continue to meet and confer in order to resolve the pending issues.**

## INITIAL PRETRIAL CONFERENCES

12.    Diana Chan v. Fresh & Easy, LLC, The Yucaipa Companies LLC, and YFE Holdings, Inc., Adv. Pro. No. 15-51897

   (a)    Complaint (Filed November 12, 2015) (Adv. Docket No. 1)

   (b)    Summons and Notice of Pretrial Conference in an Adversary Proceeding (Filed November 18, 2015) (Adv. Docket No. 3)

   (c)    Order Approving Stipulation to Stay Proceedings (Entered January 7, 2016) (Adv. Docket No. 15)

   (d)    Stipulation Extending Time to Answer or Otherwise Respond to the Complaint (Filed January 15, 2016) (Adv. Docket No. 17)

   (e)    Status Report (Filed January 15, 2016) (Adv. Docket No. 19)

   (f)    Motion of Defendant Fresh & Easy, LLC to Compel Arbitration (Filed January 25, 2016) (Adv. Docket No. 26)

   (g)    Memorandum of Law in Support of Motion of Defendant Fresh & Easy, LLC to Compel Arbitration (Filed January 25, 2016) (Adv. Docket No. 27)

13

(h)     Declaration of David Van Pelt in Support of Motion of Defendant Fresh & Easy, LLC to Compel Arbitration (Filed January 25, 2016) (Adv. Docket No. 28)

(i)     Declaration of Andrew Taylor in Support of Motion of Defendant Fresh & Easy, LLC to Compel Arbitration (Filed January 25, 2016) (Adv. Docket No. 29)

(j)     Memorandum of Law in Opposition to Defendants Motion to Compel Arbitration (Filed February 16, 2016) (Adv. Docket No. 34)

**(k)     Reply in Support of Defendant Fresh & Easy, LLC's Motion to Compel Arbitration (Filed February 8, 2016) (Adv. Docket No. 36)**

Status:          The initial pretrial conference will be going forward.

13.     Guadalupe Cote v. Fresh & Easy, LLC, YFE Holdings, Inc., and The Yucaipa Companies, LLC, Adv. Proc. No. 15-51906

(a)     Complaint (Filed November 22, 2015) (Adv. Docket No. 1)

(b)     Summons and Notice of Pretrial Conference in an Adversary Proceeding (Filed December 1, 2015) (Adv. Docket No. 3)

(c)     Order Approving Stipulation Extending Time to Answer or Otherwise Respond to the Complaint (Entered January 4, 2016) (Adv. Docket No. 10)

(d)     Order Approving Stipulation to Stay Proceedings (Entered February 3, 2016) (Adv. Docket No. 21)

(e)     Motion of Defendant Fresh & Easy, LLC to Compel Arbitration (Filed February 3, 2016) (Adv. Docket No. 25)

(f)     Memorandum of Law in Support of Motion of Defendant Fresh & Easy, LLC to Compel Arbitration (Filed February 3, 2016) (Adv. Docket No. 26)

(g)     Declaration of David Van Pelt in Support of Motion of Defendant Fresh & Easy, LLC to Compel Arbitration (Filed February 3, 2016) (Adv. Docket No. 27)

(h)     Declaration of Andrew Taylor in Support of Motion of Defendant Fresh & Easy, LLC to Compel Arbitration (Filed February 3, 2016) (Adv. Docket No. 28)

Status:          The initial pretrial conference will be going forward.

54567/0001-12680573v2

Dated: February 17, 2016

COLE SCHOTZ P.C.

*/s/ J. Kate Stickles*
Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
David W. Giattino (No. 5614)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117

*Counsel to the Debtor*
*and Debtor in Possession*

54567/0001-12680573v2